## Commonwealth v. Helms Express

*Francis Sichko, Assistant District Attorney,* for Commonwealth.
*Michael F. Krawitz,* for defendant.

SWEET, *P.J.,* January 25, 1978—Helms Express

is charged with "Unsafe Operation—Rear Tires on Inner Wheels of Rear Axle Removed on Truck-Tractor—violation of Federal Regulation 396.4." The relevant Pennsylvania statute is The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §839, now Act of June 17, 1976, P.L. 162, 75 Pa. C.S.A. §4522, which forbids violation of that Federal regulation.

Federal Regulation §396.4 says this in part: "No motor carrier shall permit or require a driver to drive any motor vehicle revealed by inspection or operation to be in such condition that its operation would be hazardous or likely to result in a breakdown of the vehicle nor any driver drive any motor vehicle with by reason of its mechanical condition is so imminently hazardous to operate to be likely to cause an accident or breakdown of the vehicle."

The Commonwealth asserts that Helms' practice of removing the tires from the inner dual wheels is unsafe per se and will not be countenanced. The trooper's judgment and that of his superiors is that the practice is so bad it is hazardous as a matter of law, and hence a violation.

The Commonwealth has asked me to consider two sections of the Pennsylvania Inspection Station Manual, and I have done so. Defendant has asked me to consider the testimony of Luther C. Ickes, a safety director, taken at the the bar and his report dated April 22, 1977, and a report of brake tests conducted for Helms Express by Fred Burdick of Wauwatos, Wisconsin. I have done all of this.

It seems to me that a matter of judgment is involved here as to whether removal of the inner dual tires is justified. Defendant points out increased braking efficiency, saving of fuel, and of course saving of money on the tires. The state police point to a determination that this is not a safe practice. I

suppose each side has furnished enough that it would be a jury question in a civil case.

Since this is a criminal matter and I do not believe the Commonwealth has proved beyond a reasonable doubt that the practice is unsafe or that the acts committed by defendant fit squarely within the rather strong language of the regulations, I am constrained to find defendant not guilty. Verdict accordingly. Costs on the county.